ROSWELL M. RICHARDSON & others *vs.* STILLMAN THOMAS & others.

The insertion of a debt in the schedule of creditors, filed and sworn to by a debtor under proceedings in insolvency, is not such an acknowledgment as will take the debt out of the statute of limitations.

The payment of a dividend by an assignee under the insolvent laws will not take the residue of the debt out of the statute of limitations as against the debtor.

The pendency of proceedings in insolvency against the debtor does not suspend the operation of the statute of limitations in his favor.

ACTION OF CONTRACT on a promissory note. Trial and verdict for the plaintiffs at November term 1858 of the court of common pleas in Franklin, before *Briggs*, J., to whose rulings the defendants alleged exceptions, the substance of which is stated in the opinion.

*D. W. Alvord*, for the defendants.

*A. Brainard*, for the plaintiffs.

SHAW, C. J. The note on which this action was brought was dated May 21st 1851, payable in three months. Of course the cause of action occurred on the 24th of August 1851. More than six years elapsed before this action was brought, on the 8th of June 1858. The statute of limitations is therefore *prima facie* a bar, and is relied on in the answer in this case. The plaintiffs seek to avoid this effect, by the facts, that before the note became due the defendants were put into insolvency by their creditors; that their property was assigned; that they returned the plaintiffs' note in their schedule, as a debt due; that

the plaintiffs proved their debt, and received a dividend, but the defendants never obtained a discharge; and that the proceedings in insolvency were pending until the 9th of July 1852.

The court are of opinion that the statute bar is not avoided by the facts stated. The case is precisely within the authority of *Stoddard* v. *Doane*, 7 Gray, 387, and *Roscoe* v. *Hale*, 7 Gray, 274, which were probably not published when this case was prepared. In one circumstance it differs, namely, that in those cases the proceeding was voluntary; here it was *in invitum.* So far as this circumstance goes, it makes the case more favorable for the defendants; because it cannot here be said that they voluntarily commenced a course of proceedings which led to the acknowledgment of the debt by their schedules, and the payment by the assignee, which are the significant acts relied on to avoid the statute bar.

But we are of opinion that those decisions are right upon principle. The defendants, as insolvents, were bound by their duty and by their oath, to present the plaintiffs' debt in their schedule as a debt due. And the fact was then strictly true; it was a debt due, not barred by the statute of limitations.

So the subsequent payment of a dividend, by the assignee, was made in pursuance of his legal duty, under the order of a judge of competent legal authority to distribute the proceeds of a fund, set apart and sequestered for that purpose, amongst those persons who were creditors on the day of the first publication of the official notice of insolvency.

On what ground is it that the acknowledgment of a debt in the ordinary course of business, or a payment, takes the case out of the statute ? Plainly because, being done voluntarily by the debtor, each is a significant act, on the part of the debtor, admitting the debt to be due, and his liability to pay it, from which the law implies a promise to do so. Can such an inference be drawn from an acknowledgment, which the debtor is bound by a legal requisition, under a heavy penalty, to make, and as a step in the course of a series of legal proceedings, which, when rightly conducted, is designed to lead, as one of its appropriate objects, to the discharge of that very debt.

The same thing may be said of the payment of a dividend by the assignee. It is not the act of the debtor or of his agent. The debtor cannot, if he would, hinder or control it. The assignee is an officer of the law, and makes the payment in pursuance of his legal duty, under the direction of a judicial officer. It enures by way of payment to the creditor, only because it diminishes the debt *pro tanto,* by a collateral proceeding, by the application of a fund no longer under his control, and by an act which implies no action of his mind.

The pendency of proceedings in insolvency does not suspend the right of the creditor to bring his action against the debtor on his original cause of action, or suspend the operation of the statute of limitations on that cause of action. The only effect which it does have practically is, by appeal to the discretion of the court to stay the proceedings temporarily, to give the debtor a reasonable opportunity to obtain his discharge, which, if obtained, may be pleaded in bar. *Collester* v. *Hailey,* 6 Gray, 517.

Nor do any of the authorities cited have a contrary bearing. They tend to prove that the statute of limitations does not run against the right of the creditor to prove his debt against the estate of the insolvent, in competition with his other creditors, provided he had a good cause of action, not barred by the six years limitation, at the time of the first publication of notice of the insolvency. *Willard* v. *Clarke,* 7 Met. 435. *Collester* v. *Hailey,* 6 Gray, 517. *Stoddard* v. *Doane,* 7 Gray, 387.

But it is a very different question, whether the same statute is a bar to the creditor, suing the debtor in a common law action, upon the original cause of action. The reasons for this are obvious and are fully stated in the cases cited.

*Exceptions sustained.*